BERT HALL v. THE STATE.

No. 13373.   Delivered April 9, 1930.

Reported in 27 S. W. (2d) 187.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy* of Memphis, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, thirty years in the penitentiary.

The facts need not be stated.   Bill of exception No. 3 complains of statements made by the district attorney in his closing argument to the jury.   It appears from the bill that the State had used as a witness one of several parties who acted together in the commission of this offense, or the offense of burglary which was in progress at the time this homicide was committed.   Said witness testified that he had not been promised immunity, and that he did not know whether they were going to prosecute him for his part in the affair or not.   It was shown that in his argument the prosecuting attorney said:  "I know that Jimmie Brown was not lying when he said that no one had promised him immunity for testifying against the defendant in this case; because I am the only man who could make him such a promise, and I know I have not done it."   The bill also

shows that the prosecuting attorney was not sworn or used as a witness during the trial. The argument was improper. This court has said in many cases that if the prosecuting attorney desires to testify to facts material, he should not do so in argument but should be sworn and take the witness stand.

The court instructed the jury that if they found the killing was upon malice aforethought they might inflict a heavy penalty, stating what such penalty was. The jury did inflict a penalty much in excess of five years. In case the State desires to ask for a heavier penalty than five years, it is imperative that the indictment allege that the killing was upon malice aforethought. The court should not submit an issue to the jury not applicable to the indictment, which is the pleading of the case. If a penalty for more than five years be desired in this prosecution, a new indictment should be returned.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*